LA CLAIR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. March 21, 1905.)

CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Where an open street car had reached its destination, and the conductor had cried, "All out!" a passenger, who was incumbered with small children, had the right to assume that the step or running board had been properly adjusted, and that she could leave the car in safety,

and was not guilty of contributory negligence, as a matter of law, in stepping off the car without looking to see, and observing that the running board was not in place.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Lillian La Clair against the New York City Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Herman Gottlieb, for appellant.

William E. Weaver, for respondent.

BLANCHARD, J. This is an appeal from a judgment dismissing a complaint. The plaintiff, a woman, was a passenger on a car owned and operated by the defendant. She had with her two small children— one a baby in arms, and the other a boy whom she led. The car was an open car, and before it reached its stopping place the conductor lowered the rail on the right side, and raised the rail on the left. When the car reached its destination, it stopped, and the conductor cried, "All out!" The plaintiff, who was occupying a seat in about the middle of the car, arose, and, placing the baby on her left arm, and leading the boy with her right hand, proceeded to the edge of the car. She placed the boy on the seat, and, while holding the baby on her left arm, stepped from the car. The running board was up, and she fell to the street, and sustained the injuries of which she complains. On cross-examination she admitted that she did not look to see if the running board was in place before she stepped, and the trial court dismissed the complaint on the ground that, as a matter of law, she was guilty of contributory negligence.

We think this was error. The plaintiff had the right to asssume that the conductor would not order her out of the car until the step or running board had been properly adjusted for her to leave the car in safety, and her failure to observe was not negligence, as a matter of law. The circumstances are significant and important. She was in the presence of the conductor, who was in duty bound to care for her, and she had a right to assume that he would do his duty. The baby was on her left arm, and the sight of the running board or step may have been cut off, had she looked to see it, and her attention may have been diverted by care for the safety of the children. Whether or not the plaintiff was herself negligent was a question of fact which should have been submitted to the jury for determination, under all the facts and circumstances of the case.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.